```
                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT


MICHAEL SHOVAH,                       :
                                      :
            Plaintiff,                :
                                      :
v.                                    :      No.  2:11-cv-00201-wks
                                      :
GARY MERCURE, THE ROMAN               :
CATHOLIC DIOCESE OF ALBANY,           :
N.Y., INC.,                           :
                                      :
            Defendants.               :
```

**MEMORANDUM OPINION AND ORDER**

Defendant the Roman Catholic Diocese of Albany, N.Y., Inc. ("Diocese") moved to certify an interlocutory appeal of the Court's September 3, 2013 Opinion and Order ("Opinion") pursuant to 28 U.S.C. § 1292(b). The Opinion denied the Diocese's Motion to Dismiss for want of personal jurisdiction. The Diocese argues that the Opinion presents an open issue requiring resolution by the Second Circuit. For the reasons described below, the Court **denies** the Diocese's Motion for Permission to Appeal.

Plaintiff Michael Shovah brought suit alleging that while employed as a Roman Catholic priest for the Diocese, Defendant Gary Mercure transported Shovah from New York to Vermont for the purpose of engaging in criminal sexual activity. Compl. ¶¶ 12, 14-17, ECF No. 1. Shovah further alleges that the Diocese

breached its fiduciary duty to Shovah in failing to prevent Mercure's wrongful conduct, neglecting to adequately supervise Mercure, and failing to exercise reasonable care to prevent harm to Shovah. *Id.* ¶¶ 15-29. The Complaint asserts a claim of outrageous conduct by the Defendants and asks for damages accordingly. *Id.* ¶¶ 30-33.

In April 2013, the Diocese filed a Motion to Dismiss for lack of personal jurisdiction claiming a lack of requisite contacts with the state of Vermont. *See* Mot. to Dismiss, ECF No. 90. After hearing oral argument, the Court issued an Opinion denying the Diocese's Motion to Dismiss. *See* Op., ECF No. 106. The Court applied the standard set out in *Goodyear, Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) and found that the Diocese had sufficient contacts to establish general jurisdiction within the District of Vermont. Op. 7, 11.

The Diocese has requested permission to appeal the Opinion and Order denying its motion to dismiss. Mot. for Permission to Appeal ("Mot. to Appeal"), ECF No. 109. It argues that the decision involves a controlling question of law with substantial grounds for a difference of opinion and that immediate appeal could materially advance the ultimate determination of the litigation. *Id.* It asserts that an appeal must consider whether the *Goodyear* standard "precludes the exercise of general jurisdiction over an out-of-state religious corporation with 'no

financial or physical foothold' in the forum state based solely on limited ministerial contacts." *Id.*

Under 28 U.S.C. 1292(b), a district court may order an interlocutory appeal if it believes that its decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). District courts have "first line discretion to allow interlocutory appeals." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). A litigant cannot pursue an interlocutory appeal every time he or she disagrees with a decision. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (finding that even after certification the appellant must convince the court of appeals that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment," suggesting that the district court may properly deny interlocutory appeal where no exceptional circumstances exist).

The Court does not consider these circumstances to be particularly suitable for interlocutory review. The decision did not involve a novel or unsettled area of law. The Court analyzed the facts presented before agreeing with the Plaintiff that exercising personal jurisdiction was warranted.

As the Diocese acknowledged, the Court applied the *Goodyear* standard in deciding the Motion to Dismiss.  Op. 7.  Contrary to the Diocese's claim that the decision rested only on limited ministerial contacts, however, the Court considered all relevant contacts of the Diocese with Vermont.  In its decision, the Court included not only ministerial duties performed in Vermont, but also the number of Vermonters served by the Diocese, its newsletter circulation in Vermont, the charitable donations from the state, and other financial contacts in Vermont.  Op. 2-4, 7, 10-11.  Whether *Goodyear* created a new, more rigorous standard, as the Diocese suggests, Mot. to Appeal 6, is beside the point.  The Court applied the new standards and in doing so weighed numerous factors to come to a decision.

Although a denial of a Motion to Dismiss for lack of personal jurisdiction may involve a controlling question of law, here there were no substantial grounds for a difference of opinion. The Court carefully considered the Diocese's contacts with Vermont and concluded that they were sufficient to warrant the exercise of personal jurisdiction.  Further, because the case involves more than one defendant, an immediate appeal will not materially advance but substantially delay the termination of the litigation.  Personal jurisdiction clearly applies to Defendant Mercure.  Permitting an interlocutory appeal in the case involving the Diocese would necessarily delay discovery

4

relating to Defendant Mercure.  Finally, the Diocese may not be prejudiced by denial of the appeal since a ruling denying general jurisdiction may result in the same lawsuit being filed in New York.

The Diocese has filed a supplemental memorandum, citing comments by Justices of the U. S. Supreme Court during oral argument in *Daimler AG v. Barbara Bauman, et al.*, No 11-965.  The Diocese suggests the Court may rule that general jurisdiction is limited to the state of incorporation and principal place of business.  First, *Goodyear* has not been interpreted by courts to define elements of general jurisdiction in such a restrictive way. Moreover, *Daimler* may not be relevant to this case, since the Ninth Circuit attributed general jurisdiction by analyzing contacts within California of a subsidiary, Mercedes Benz USA, a separate corporation.  This Court analyzed the issue of general jurisdiction by assessing the Diocese's contacts in Vermont.

Certainly, if the Supreme Court rules as the Diocese suggests, that general jurisdiction applies only on to the state of incorporation and principal place of business, this Court will reconsider its ruling.  But that does not suggest the matter should be sent to the Second Circuit on an interlocutory basis to await the Supreme Court's ruling in *Daimler*.  All of the reasons cited above suggest discovery should proceed.

The Court finds no exceptional circumstances warrant an interlocutory appeal, and the Diocese's Motion for Permission to Appeal is **denied**.

Dated at Burlington, in the District of Vermont, this 5th day of November, 2013.

/s/William K. Sessions III
William K.  Sessions III
U.S.  District Court Judge