UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL SHOVAH,                    :
                                  :
          Plaintiff,              :
                                  :     Case No. 2:11-cv-201
v.                                :
                                  :
FR. GARY MERCURE,                 :
                                  :
          Defendant.              :

## OPINION AND ORDER

Plaintiff Michael Shovah brings this civil action under 18 U.S.C. § 2255, alleging that Gary Mercure, a former priest from the Roman Catholic Diocese of Albany New York, Inc. (the "Diocese"), engaged in sexual exploitation and abuse of children in violation of 18 U.S.C. §§ 2422 and 2423.  Mercure has now moved for summary judgment dismissing the claim as untimely under 18 U.S.C. § 2255(b)'s six-year statute of limitations.  Shovah has moved to amend the complaint to add parallel claims under Vermont law.  For the reasons stated below, the Court **grants** Plaintiff's motion to amend, ECF No. 146.  The Court **grants** Defendant's motion for summary judgment, ECF No. 142, thereby dismissing Plaintiff's federal claims.  The Court questions *sua sponte* its subject matter jurisdiction over the remaining claims and orders further briefing from the parties regarding this issue.

**BACKGROUND**

Defendant Gary Mercure served as a priest for the Diocese during the time relevant to this action.  As a child, Shovah was a parishioner at the Diocese and received religious training from Mercure.  Shovah alleges that Mercure transported him from New York to Vermont with the intent to engage in criminal sexual activity and did engage in such activity while Shovah was a minor.  Because Shovah was born on May 11, 1976, any unlawful conduct had to have occurred before Shovah's eighteenth birthday on May 11, 1994.  While the alleged abuse took place at least twenty years ago, Plaintiff asserts in his pleadings that he "discovered" that the sexual activity caused his injuries and conditions within six years of filing this action in 2011. Compl. ¶ 2.[1]  Shovah alleges that he did not make the connection between Mercure's conduct and his own psychological harm until much later; however, he does not allege that he was unaware of the conduct when it occurred or that he suppressed the memory of the sexual abuse itself.

Shovah filed this suit on August 10, 2011, under 18 U.S.C. § 2255, which creates a civil remedy for personal injuries

---

[1] The original complaint provides no explanation for this delay.  The proposed First Amended Complaint states that Plaintiff was "unable to discover with due diligence the injuries that he alleges in this Complaint because of the psychological difficulties caused him by Defendant Mercure by the sexual activity and childhood sexual abuse." 1st Am. Compl. ¶ 3.

caused by violations of federal child abuse laws.  Specifically, Shovah alleges that he was a victim under 18 U.S.C. §§ 2422,[2] which criminalizes the use of interstate commerce to induce an individual under 18 to engage in sexual activity, and 2423,[3] which criminalizes interstate transport of an individual under the age of 18 with the intent to engage in criminal sexual

---

[2] **(a)** Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

**(b)** Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422.

[3] **(a) Transportation with intent to engage in criminal sexual activity.**--A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

**(b) Travel with intent to engage in illicit sexual conduct.**--A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C.A. § 2423.

activity.  Shovah also alleges that Mercure could be charged with sexual assault (Vt. Stat. Ann. tit. 13, § 3252) and lewd and lascivious conduct with a child (Vt. Stat. Ann. tit. 13, § 2602) under Vermont state law.[4]  Mercure is currently incarcerated in the State of Massachusetts.

Defendant now moves to dismiss the § 2255 claim at summary judgment on the grounds that it was filed outside the six-year statute of limitations provided by 18 U.S.C. § 2255(b). Plaintiff has moved to amend the complaint to bring a cause of action specifically arising under Vermont law.

**DISCUSSION**

**I. Motion to Amend**

Shovah has moved to file a First Amended Complaint. Federal Rule of Civil Procedure 15 provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Amendment should be permitted unless the defendant shows "[u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[4] Plaintiff originally brought claims against both Mercure and the Diocese, but the claims against the Diocese were dismissed for lack of personal jurisdiction pursuant to a mandamus order by the Second Circuit.  *See In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 41 (2d Cir. 2014).

Shovah contends that justice requires leave to amend due to the mandamus order by the Second Circuit dismissing the Diocese from the case, *In re Roman Catholic Diocese of Albany,* 745 F.3d at 41, and the recent summary order issued by the Second Circuit suggesting that Plaintiff's federal claims may be precluded by § 2255's statute of limitations, *S.M. v. Clash*, 558 F. App'x 44, 45 (2d Cir. 2014). Shovah's First Amended Complaint seeks to add a cause of action under Vermont law regarding the same conduct already alleged in the original complaint—specifically, Vt. Stat. Ann. tit. 12, § 522. Plaintiff's motion to amend is therefore a conceded attempt to maintain his action in this Court even if the federal claims are dismissed.

Prejudice and delay concerns do not counsel against granting the motion to amend in this instance. Where the additional facts alleged in an amended complaint "arise out of the same core of operative facts," as here, prejudice is mitigated because the original complaint provided the defendant with adequate notice of the allegations. *Upper Valley Ass'n for Handicapped Citizens v. Mills*, 928 F. Supp. 429, 434 (D. Vt. 1996). Furthermore, any delay in amendment has not been prejudicial to Mercure because the parties have not commenced discovery on this matter. *See id.*

Defendant opposes the motion to amend on the grounds of futility, stating that the Court does not have subject matter

jurisdiction over the new state law claims.  Amendment should
not be permitted where the amended complaint would not survive a
motion to dismiss.  *See id.*  However, Shovah also pleads
diversity jurisdiction under § 1332.  While the jurisdictional
issue raises questions requiring supplementary briefing from the
parties (as discussed further below), the Court nonetheless
grants Shovah's motion to amend and will consider Defendant's
motion for summary judgment in light of the First Amended
Complaint.

**II.   Motion for Summary Judgment**

Mercure moves for summary judgment on the grounds that
Shovah's federal claim is untimely under the statute of
limitations laid out in 18 U.S.C. § 2255(b).  Shovah brings his
claim under § 2255, which provides:

> **In general.**--Any person who, while a minor, was a
> victim of a violation of section 1589, 1590, 1591,
> 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260,
> 2421, 2422, or 2423 of this title and who suffers
> personal injury as a result of such violation,
> regardless of whether the injury occurred while such
> person was a minor, may sue in any appropriate United
> States District Court and shall recover the actual
> damages such person sustains and the cost of the suit,
> including a reasonable attorney's fee. Any person as
> described in the preceding sentence shall be deemed to
> have sustained damages of no less than $150,000 in
> value.

18 U.S.C.A. § 2255(a).  Shovah specifically claims that he was a
victim under sections 2242 and 2243, which create liability for
using interstate commerce to induce an individual under 18 to

6

engage in sexual activity and for interstate transport of an individual under the age of 18 with the intent to engage in criminal sexual activity.   The applicable statute of limitations at the time Shovah filed the Complaint[5] read:

> Any action commenced under [18 U.S.C. § 2255] shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b) (2006).   Although Shovah does not specify the exact date of the alleged conduct, there is no dispute (as a result of Shovah's date of birth) that the unlawful conduct occurred before May 11, 1994.   SUF ¶ 6.   Under the statute, Shovah had either six years after the right of action accrued or three years after his eighteenth birthday to bring his § 2255 action.   Assuming that the cause of action "accrued" at the time the unlawful conduct occurred, Shovah's action was filed at least 11 years after the statute of limitations expired. Mercure thus argues that the case should be dismissed as untimely.

Shovah concedes that the alleged conduct underlying his injuries occurred well over six years before he filed suit. However, he opposes Defendant's motion for summary judgment by

---

[5] The statute of limitations under 18 U.S.C. § 2255 was extended to ten years in March 2013.   The extension was not retroactive, but even if it applied here, it would have no impact on the Court's analysis, as the conduct in question occurred over ten years before the Complaint was filed in 2011.

disputing the date his claim "accrued" for purposes of computing the statute of limitations.  Rather than accruing at the time the unlawful conduct occurred, he argues that it accrued upon his *discovery* of his injuries.

"In common parlance a right accrues when it comes into existence." *Gabelli v. Securities and Exchange Comm'n*, 133 S. Ct. 1216, 1222 (2013).  "The 'standard rule' is that a claim accrues when the plaintiff has a complete and present cause of action." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  However, in certain cases, courts have applied a "discovery rule" to statutes of limitations.  The discovery rule typically applies when a "plaintiff would have reasonably . . . had difficulty discerning the fact or cause of injury at the time it was inflicted." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998).  The discovery rule postpones the accrual of a cause of action when the potential plaintiff is unaware that he has been injured at the time the wrongful conduct occurred.  Shovah argues that, applying the discovery rule, the statute of limitations under § 2255(b) did not begin to run until he made a causal connection between his emotional harm and the alleged childhood sexual abuse.  According to the First Amended Complaint, Shovah made this connection within six years of the filing of this action.

While the text of § 2255(b) itself is silent as to whether the discovery rule applies, the Supreme Court has sometimes applied the discovery rule to statutes without express direction. *See Urie v. Thompson*, 337 U.S. 163 (1949) (applying the discovery rule to the Federal Employers' Liability Act); *United States v. Kubrick*, 444 U.S. 111 (1979) (discussing the discovery rule with regard to the Federal Tort Claims Act). This Court has found no circuit court decisions addressing whether or not the discovery rule applies to claims brought under § 2255. Two federal district courts, including one in this circuit, have considered whether the discovery rule applies to claims brought under § 2255, and both have declined to apply it. *See Singleton v. Clash*, 951 F. Supp. 2d 578, 585 (S.D.N.Y. 2013), *aff'd sub nom. S.M. v. Clash*, 558 F. App'x 44 (2d Cir. 2014); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 10-CV-4124, 2013 WL 6816174 (W.D. Ark. Dec. 24, 2013). The Second Circuit affirmed *Singleton* on narrow grounds without deciding whether the discovery rule applies to claims under § 2255.[6]

---

[6] The Second Circuit affirmed the District Court's opinion in an unpublished opinion, and made no finding as to whether the discovery rule applied, instead finding that even if it did apply to Section 2255, this would still not reach plaintiffs' claims (as discussed further below). *S.M. v. Clash*, 558 Fed. Appx. 44, 45 (2d Cir. 2014) ("Assuming without deciding that a discovery accrual rule applies to § 2255(b), we hold that the district court properly dismissed the actions as time-barred given that the plaintiffs' complaints failed to

It is therefore unclear whether the discovery rule even applies to claims brought under § 2255.  However, the Court need not definitively decide this issue, because even assuming *arguendo* that the discovery rule applies, Plaintiff's claims remain untimely.

Under the discovery rule, the "plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Guilbert v. Gardner,* 480 F.3d 140, 149 (2d Cir. 2007) (quotations omitted).  Section 2255 creates a cause of action for victims of violations of several federal criminal statutes. *See* 18 U.S.C.A. § 2255.  By the express language of § 2255, damages for these victims are *presumed* to be "no less than $150,000 in value."  *Id.* § 2255(a).  Because there is no need to show specific injuries to calculate damages under the statute, it is the victimhood alone—and not any resulting effects—that forms the basis of a § 2255 action.  Thus, a plaintiff need only show that he or she "was the victim of a sex crime" under the enumerated statutes.  *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012).  It therefore follows that, applying the discovery rule, a § 2255 plaintiff's cause of action accrues upon discovery of the unlawful conduct.

---

provide any reason why the plaintiffs were unable to discover their injuries prior to 2012.").

In this case, Shovah's claims are based on the alleged occurrences of sexual conduct in violation of two specific federal criminal statutes: 18 U.S.C. §§ 2422 and 2423 (along with additional violations of Vermont law).  Shovah's complaint makes clear that the alleged violations of §§ 2422 and 2423 occurred well over six years before he filed suit.  While he claims that he did not make the connection between the conduct and his psychological harm until much later, the First Amended Complaint does not allege that he was unaware of the conduct when it occurred or that he suppressed the memory of the sexual abuse itself.  Thus, even if the discovery rule applies, his claims accrued at the time he discovered that he was a victim of sexual abuse—in other words, when the abuse itself occurred. This means that, at the very latest, Shovah's claims expired eleven years before the filing of this action.

Shovah argues that his claim did not begin to accrue when he discovered the alleged abuse (that is, his victimization under the criminal statutes), but instead when he discovered the psychological injuries caused by his victimization.  The First Amended Complaint states that Shovah was "unable to discover with due diligence the injuries that he alleges in this Complaint because of the psychological difficulties caused him by Defendant Mercure by the sexual activity and childhood sexual abuse."  First Amended Compl. ¶ 3.  In support of his position,

11

he cites several studies demonstrating that childhood sexual abuse can have lifelong repercussions, and that its diverse symptoms "make it very difficult for victims of childhood sexual abuse to discover that the sexual acts were abuse and caused them harm." Opp'n Mot. Summ. J. 17. He thus maintains that his claim is timely because he was not aware of his psychological injuries until within the six-year limitations period.

This argument is unsupported by the statutory text and has been rejected by every court to consider it. The plain language of the statute indicates that the § 2255 claim accrues at the time of victimization, not after subsequent latent injuries present themselves. While the statute makes reference to both victimization and personal injury as a result of such victimization, the text makes clear that the victims necessarily suffer injuries as a result of their victimhood (in fact, the statute assumes damages of $150,000). Thus, § 2255 does not make a distinction between victimization under the statute and personal injury. *See Boland*, 698 F.3d at 881 ("[T]he statute does not create one category of victims and another category of people who suffer personal injuries.").[7] Because a victim necessarily suffers actionable injuries under § 2255 at the time

_____

[7] In fact, it is generally conceded that this language about a separate personal injury was added specifically to address child pornography cases, when plaintiffs may be revictimized by sales or distribution that occur long after the initial violation. *See Boland*, 698 F.3d at 881.

the criminal conduct occurs, the discovery of this criminal
conduct is when the claim "first accrues" for purposes of the
statute of limitations.

This becomes particularly clear when the text of § 2255 is
compared with similar statutes that do extend the accrual date
to discovery of the psychological injury.  For example, the
Vermont statute creating a cause of action based on childhood
sexual abuse provides:

> A civil action brought by any person for recovery of
> damages for injury suffered as a result of childhood
> sexual abuse shall be commenced within six years of
> the act alleged to have caused the injury or
> condition, or *six years of the time the victim
> discovered that the injury or condition was caused by
> that act*, whichever period expires later. The victim
> need not establish which act in a series of continuing
> sexual abuse or exploitation incidents caused the
> injury.

Vt. Stat. Ann. tit. 12, § 522(a) (emphasis added).  In contrast
to the federal statute, the Vermont statute expressly provides
that the statute of limitations begins to run upon the discovery
of the link between the sexual abuse and latent injuries.  The
federal statute provides only that the statute of limitations
begins to run at the time the right of action first accrues.

Furthermore, two federal courts have addressed Shovah's
accrual theory and both have rejected it.  In *Singleton*, the
plaintiffs brought § 2255 claims nearly identical to those at
issue here.  The plaintiffs alleged that the defendant had

sexually abused them as minors in violation of several federal criminal statutes, including, like here, interstate transport in violation of 18 U.S.C. § 2423. While more than six years had passed since the sexual abuse occurred, each plaintiff alleged that he was not able to make a causal connection between his emotional and psychological harms and the sex acts until well after he turned 18 (and within the statute of limitations). The court declined to adopt the plaintiffs' statute of limitations theory, instead finding that because the plaintiffs knew they were victims of the enumerated criminal statutes at the time the conduct occurred, that is when they became aware of their injuries for purposes of the discovery accrual rule. 951 F. Supp. at 590. As the court explained,

> The plaintiffs knew of their injuries, namely their victimization under the statute, and its cause, namely the defendant. Therefore, the claims accrued at that time. Had the plaintiffs approached an attorney at that time, they could have brought claims.

*Id.*

In a similar case in the Middle District of Pennsylvania, the district court applied the discovery rule *arguendo* and found that claims accrued under § 2255 not at the discovery of the emotional harm, but upon discovery of victimization pursuant to the underlying criminal statutes. *Stephens v. Clash*, 1:13-CV-

14

712, 2013 WL 6065323, *6 (M.D. Pa. Nov. 18, 2013).[8]  The court
concurred with the *Singleton* court and found that a § 2255
plaintiff "was aware of sufficient facts related to his injury
and its cause to make inquiries and bring claims under Section
2255 at the time of the statutory violations" and therefore his
claims accrued for purposes of the statute of limitations at
that time.  *Id.*

Applying the reasoning in *Stephens* and *Singleton*, even if
the discovery rule applies here, the statute of limitations
began to run on Shovah's claims as soon as Shovah discovered or
should have discovered the conduct that made him a victim of the
federal criminal statutes (thereby creating his § 2255 cause of
action).  The Complaint indicates that this conduct occurred
around twenty years ago.  While the Complaint alleges that
Shovah did not learn of the psychological harm linked to his
victimization until within six years of filing this action,
Shovah does not allege that he was unaware of the initial
conduct nor does he provide a reason for why he would not have
been aware of the conduct when it occurred.

Finally, even if the Court adopted Shovah's argument—that
the statute of limitations only began to accrue when he

---

[8] In *Stephens*, the district court made no finding as to whether or not
the discovery rule should apply to § 2255 claims, instead basing its
disposition on the fact that even assuming *arguendo* that the discovery
rule was applicable, the plaintiff's claims were still barred by §
2255's statute of limitations.

discovered the injury—this still would not save his claims
because the discovery rule specifically directs that a
"plaintiff's cause of action accrues when he discovers, *or with
due diligence should have discovered*, the injury that is the
basis of the litigation." *Guilbert,* 480 F.3d at 149 (emphasis
added) (quotations omitted).  Again, Shovah has not pled that he
repressed or forgot about this incident, but merely that he was
unable to discover the full extent of his psychological
injuries.  This means that Shovah was aware of the "critical
facts of his case including both the defendant's alleged acts
and his injury" at the time Mercure abused him, which should
have put him on notice to perform due diligence.  *See Kubrick*,
444 U.S. at 123 (finding that claim accrued for purposes of the
discovery rule when the plaintiff, "armed with the facts about
the harm done to him," could have discovered his claim by
"seeking advice in the medical and legal community").

Shovah does not provide a sufficient reason in the First
Amended Complaint for why he did not with due diligence discover
his injuries earlier.  The Second Circuit affirmed the district
court's decision in *Singleton* earlier this year for this precise
deficiency.  *See S.M. v. Clash*, 558 Fed. Appx. at 45 ("Because
the plaintiffs failed to provide any basis for finding that they
exercised 'due diligence' in uncovering their injuries, assuming
*arguendo* that the psychological harm constituted the plaintiffs'

16

legal injury for purposes of § 2255(a), the discovery rule
cannot apply.").  In the First Amended Complaint, Shovah alleges
that he was unable to discover with due diligence his
psychological injuries *because* of the psychological injuries
caused by the abuse.  Shovah's explanation for the delay in
discovery has a circularity that could extend the accrual date
indefinitely.  This contradicts the express language of the
statute, as it essentially nullifies the statute of limitations
itself.  Thus, the First Amended Complaint fails to provide an
adequate reason for Shovah's failure to with due diligence
discover his injury.

The Court therefore holds that, assuming without deciding
that the discovery rule applies to § 2255, the statute of
limitations began to run at the time Shovah discovered or should
have discovered the underlying statutory violations, not when he
linked his later psychological harm to those violations.  As a
result, the statute of limitations expired well before 2011, and
Shovah's claims under § 2255 are dismissed as untimely.

III.    **Subject Matter Jurisdiction**

As the § 2255 claims provided the basis for federal
jurisdiction over Shovah's complaint, the dismissal of these
claims raises questions as to the Court's subject matter
jurisdiction over the remaining state law claims.  Without the
federal claims, supplemental jurisdiction under § 1367 may no

17

longer apply.  28 U.S.C. § 1367(c)(3) (the district court may decline to exercise supplemental jurisdiction under § 1367(a) if "the district court has dismissed all claims over which it has original jurisdiction").  While the Court has the discretion to maintain jurisdiction over a state law claim under § 1367 after all federal claims have been dismissed, this is not a proper instance to exercise such discretion.  Discovery has not yet occurred and, moreover, the state law claims were only just added precisely because Plaintiff feared dismissal of his federal claims.  The Court therefore finds that it would be an abuse of its discretion to retain supplemental jurisdiction over the new state law claims.  As a result, there is no § 1367 jurisdiction over the state law claims in the First Amended Complaint.

Without federal question or supplemental jurisdiction, this Court can only have subject matter jurisdiction on diversity grounds.  *See* 28 U.S.C. § 1332 (federal jurisdiction is established where the parties are completely diverse and the amount in controversy exceeds $75,000).  Shovah's First Amended Complaint pleads complete diversity of parties, alleging that Shovah is a citizen of New York and Mercure a citizen of Massachusetts.

In his opposition to the motion to amend, Mercure submits that there is no diversity of citizenship between the parties.

While Mercure is currently incarcerated in the State of Massachusetts, he asserts that this is not his domicile for diversity of citizenship purposes. *See Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile."). This means that Mercure is most likely also a citizen of New York and there is no diversity between the parties.

The presumption that a prisoner retains his preincarceration domicile is rebuttable. *Housand v. Heiman*, 594 F.2d 923, 925 (2d Cir. 1979) (allowing a prisoner to try to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration); *Poucher*, 336 F. Supp. 2d at 253 ("[A]lthough a prisoner is presumed to retain his former domicile, he can attempt to demonstrate that he has established a new domicile in his state of incarceration."). This presumption is rebutted only when a prisoner can show "'truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration.'" *Braten v. Kaplan*, No. 07 Civ. 8498(HB), 2009 WL 614657, *4 (S.D.N.Y. Mar. 10, 2009) (quoting *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977)).

19

It is unclear at this juncture whether the presumption may be rebutted in this case for two reasons.  First, the Court is unaware of precedent indicating that *plaintiff* may rebut this presumption as to the *defendant*'s domicile.  Second, even if the Court were to allow it, Shovah has not pled facts sufficient to rebut the presumption.  "In order for a prisoner to establish diversity jurisdiction based on the theory that his place of incarceration is his domicile, 'the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile.'"  *Poucher*, 336 F. Supp. 2d at 254 (quoting *Jones*, 552 F.2d at 251).  In the First Amended Complaint, Shovah states without support that Mercure's domicile is in Massachusetts, based solely on his place of incarceration. He makes no indication that Mercure intends to change his domicile to Massachusetts; indeed, Mercure states specifically in his opposition to the motion to amend that he intends to return to New York after his term of incarceration has ended.

The Court thus has significant concerns as to whether diversity jurisdiction exists over the remaining claims. However, the Court does not wish to decide this issue without giving the parties an opportunity to fully address the matter. The Court thus orders supplemental briefing on the discrete issue of diversity jurisdiction.  If the Court lacks diversity jurisdiction, the First Amended Complaint must be dismissed and

Plaintiff may seek relief in state court, where the initial filing date of this action would relate back for purposes of the state statute of limitations. *See* Vt. Stat. Ann. tit. 12, § 558 ("[A] plaintiff may commence a new action for the same cause within one year after the determination of the original action, when the original action has been commenced within the time limited by any statute of this state, . . . [w]here the action is dismissed for lack of jurisdiction of the subject matter. . .").

### CONCLUSION

For the reasons stated above, Plaintiff's motion to amend is **granted**. Defendant's motion for summary judgment is also **granted** and the federal claims brought under 18 U.S.C. § 2255 are **dismissed** as untimely. The Court orders supplemental briefing as to whether the Court has subject matter jurisdiction under 28 U.S.C. § 1332 over the remaining state law claims, to be filed within thirty days of this opinion and order.


DATED at Burlington, Vermont, this 27th day of August, 2014.


/s/ William K. Sessions
William K. Sessions III
District Court Judge