```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

MICHAEL SHOVAH,                  :
                                 :
         Plaintiff,              :
                                 :
    v.                           :    Case No. 2:11-cv-201
                                 :
FR. GARY MERCURE,                :
                                 :
         Defendant.              :
```

## OPINION AND ORDER

Plaintiff Michael Shovah brings this action alleging that Gary Mercure, a former priest from the Roman Catholic Diocese of Albany, New York, Inc. (the "Diocese"), sexually abused him as a child. Shovah initially sued both Mercure and the Diocese, but the Diocese has been dismissed for lack of personal jurisdiction. *See In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 41 (2d Cir. 2014). In an Opinion and Order dated August 27, 2014, this Court dismissed Shovah's federal law claims as untimely. ECF No. 151. Shovah's state law claims against Mercure remain.

Now before the Court is the question of diversity of citizenship for the purpose of subject matter jurisdiction under 28 U.S.C. § 1332. In its August 27, 2014 Opinion and Order, the Court questioned Shovah's claim to diversity jurisdiction and ordered supplemental briefing on that issue within thirty days. ECF No. 151 at 21. Mercure timely submitted a supplemental memorandum opposing diversity jurisdiction. Shovah has not filed

any form of response to the Court's request.  For the reasons set forth below, the Court finds that diversity jurisdiction is lacking, and that this case must be **dismissed without prejudice** for lack of subject matter jurisdiction.

## I. Subject Matter Jurisdiction

It is Shovah's burden to show subject matter jurisdiction by a preponderance of the evidence.  *See Phifer v. City of N.Y.*, 289 F.3d 49, 55 (2d Cir. 2002) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  The federal diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  There is no dispute that the amount in controversy exceeds the jurisdictional threshold.  With regard to citizenship, Plaintiff Shovah is a New York resident.  Shovah's pleadings allege that Mercure is a citizen of Massachusetts.

In fact, Mercure is incarcerated in a Massachusetts prison.  Prior to his incarceration he was a resident of New York.  In response to the Court's request for supplemental briefing on the question of diversity jurisdiction, Mercure's counsel submits that his client intends to return to New York post-incarceration, and has no other connection to Massachusetts other than as a place of confinement.  ECF No. 152 at 2.  Shovah has not

countered these assertions.

"An individual's citizenship . . . is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citations omitted). "It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile." *Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004); *see* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37[8][a] (3d ed. 2012) (explaining that "[t]his rule is based on the common sense notion . . . that a change of domicile requires a voluntary act").

In the Second Circuit, the presumption of retained domicile is rebuttable. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979) (embracing the "more recent trend . . . in the direction of allowing a prisoner to try to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration"); *Scott v. Sonnet, Sale & Kuehne, P.A.*, 989 F. Supp. 542, 543 n.1 (S.D.N.Y. 1998) ("[p]risoners are presumed to retain the domicile they had at the time of incarceration for diversity purposes, although they can attempt

3

to show that they have established domicile in the state of incarceration").[1]  A party alleging a change of domicile has the burden of proving the "'require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,'" and must prove those facts "'by clear and convincing evidence.'"  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 244 (2d Cir. 1984)); *see also Braten v. Kaplan*, No. 07 Civ. 8498(HB), 2009 WL 614657, at *4 (S.D.N.Y. Mar. 10, 2009) (presumption is rebutted only by "'truly exceptional circumstances which would justify a finding that [inmate] has acquired a new domicile at the place of his incarceration.'" (quoting *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977)).

Here, Shovah alleges without support that Mercure is a citizen of Massachusetts.  As set forth above, citizenship is determined by domicile, and a prisoner is presumed to be domiciled in his state of origin, not his state of incarceration.  Shovah has made no effort to rebut the presumption that Mercure is domiciled in New York, or to respond to Mercure's assertion

---

[1] As the cited cases suggest, rebuttals usually come from prisoner plaintiffs seeking to establish diversity jurisdiction in federal court.  Here, the prisoner is a *defendant* seeking to *defeat* diversity jurisdiction.  It is unclear from the case law whether someone other than the prisoner himself may rebut the presumption of retained domicile.

that he fully intends to return there at the conclusion of his prison term.  The Court therefore finds that Shovah has not carried his burden of demonstrating diversity of citizenship by either a preponderance or by clear and convincing evidence, and that federal subject matter jurisdiction is lacking.

**II. Supplemental Jurisdiction**

Despite the absence of either a federal question or diversity of citizenship, the Court has discretion to retain supplemental jurisdiction over Shovah's state law claims.  *See* 28 U.S.C. § 1367(c)(3)(district courts may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction").  The Court previously concluded, however, that supplemental jurisdiction is not appropriate here as "[d]iscovery has not yet occurred and, moreover, the state law claims were only just added precisely because Plaintiff feared dismissal of his federal claims."  ECF No. 151 at 18.

Furthermore, "traditional values of judicial economy, convenience, fairness, and comity" generally weigh in favor of declining to exercise supplemental jurisdiction when all federal law claims are eliminated before trial.  *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Indeed, "in the usual case in which all federal-law claims are

eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. . . . [I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well.").

In this case, judicial economy does not weigh heavily in favor of retaining jurisdiction, as there has been little progress beyond Rule 12 practice.  Comity certainly weighs against retaining federal jurisdiction, while convenience for two out-of-state parties carries little weight.  Finally, fairness does not weigh against dismissal, as Shovah may be able to seek relief in state court.  *See* 12 V.S.A. § 558 (allowing a plaintiff to commence a new action within one year after the same cause of action was dismissed for lack of subject matter jurisdiction).  The Court therefore declines to take supplemental jurisdiction over Shovah's state law claims.

**III. Conclusion**

For the reasons set forth above, this case is **dismissed without prejudice** for lack of subject matter jurisdiction.

Dated at Burlington, in the District of Vermont, this 18th day of March, 2015.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge